LEFEVRE *v.* HOUSEMAN-SPITZLEY CORPORATION.

1. MUNICIPAL CORPORATIONS—ACCEPTANCE OF PLAT—PROCEDURE.

Under Act No. 260, Pub. Acts 1927, providing for the approval or rejection of town plats by township and county boards, the proposed plat must first be presented to the township board, and if it rejects and gives reasons therefor, then the remedy of the proposer, if any, is by mandamus, and unless the court directs approval of the plat the county board has no jurisdiction and can exercise no power in the premises.

2. SAME—TOWNSHIP MAY NOT REQUIRE CONFORMANCE TO PLAN IN CONFLICT WITH COUNTY PLAN.

Under said act, a township board may not require that a proposed plat conform to a general township plan in conflict with any general plan adopted by the county or State for the location and width of certain streets and highways.

3. SAME—MANDAMUS—HIGHWAYS AND STREETS.

Where a township board gave, as its reason for rejecting a proposed plat, that it did not conform to the general plan of the township board in regard to the location of certain streets and highways, although it did conform to the general plan adopted by the county board, the proposers of the plat were entitled to mandamus directing approval thereof by the township board.

4. SAME—CONSTITUTIONAL LAW—HIGHWAYS AND STREETS.

The provision in Act No. 260, Pub. Acts 1927, that a township board may not require that a proposed plat conform to a general township plan in conflict with any general plan adopted by the county or State for the location and width of certain streets and highways is not in conflict with article 8, § 28, State Constitution, giving to townships reasonable control over their streets, since control of established streets is a right wholly apart from the location of an extension of a county or State highway.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted January 16, 1929. (Docket No. 18, Calendar No. 34,065.) Decided March 29, 1929.

Bill by Henry Lefevre and others to enjoin the Houseman-Spitzley Corporation from platting certain property in accordance with master plan of board of auditors of Wayne county, and the township board of the township of Gratiot, Wayne county, and the board of auditors of Wayne county from approving said plat. From decree for plaintiffs, defendants Houseman-Spitzley Corporation and board of auditors of Wayne county appeal. Reversed, bill dismissed, and decree entered herein for approval of plat by the township board of the township of Gratiot upon cross-bill of Houseman-Spitzley Corporation.

*Leon D. Barlow,* for plaintiffs.

*Goodenough, Voorhies, Long & Ryan,* for defendant Houseman-Spitzley Corporation.

*Robert M. Toms* and *Frank Ferguson,* for defendant board of county auditors.

*James Gibbons,* for defendant township board of the township of Gratiot.

Wiest, J. Defendant Houseman-Spitzley Corporation, proprietor of land in Gratiot township, Wayne county, caused two plats to be prepared and submitted to the township board for approval. Under Act No. 260, Pub. Acts 1927, it was the duty of the township board to determine whether the lands were suitable for platting, and to see that all highways, streets, and alleys conformed to the general plan adopted by the board for the width and location of highways, streets, and alleys, if the township plan was not in conflict with any general plan adopted by the county plat board, and to approve or reject the plats. The plats were rejected by the

township board because the width and location of the streets thereon did not conform to the general township plan adopted by the board. This general township plan was prepared by an engineer, and, while not adopted by formal board action, was accepted by the members of the board as the master plan for the township. The proposed plats were prepared by an engineer, employed by the proprietor, and he also at that time prepared a master county plan for the township which was adopted by the board of county auditors acting as the county plat board. The master plan adopted by the board of auditors was in direct conflict with the township master plan in locating the extension of State Fair avenue in the township. The master plan adopted by the board of auditors, and prepared by the engineer employed to plat the land, located State Fair avenue to the decided advantage of Houseman-Spitzley Corporation, and with serious injury to other proprietors of unplatted lands.

The proprietor of the lands platted assumed that the master plan adopted by the auditors required the township board to approve of the plats, and commenced a proceeding, by mandamus, in the Wayne circuit, to compel the township board to approve the plats. Certain owners of property in the township, with pecuniary interests affected by the master plan of the board of auditors, were refused leave to intervene in the mandamus proceeding and thereupon filed the bill herein to enjoin the Houseman-Spitzley Corporation from platting as proposed and the township board and the board of auditors from approving the proposed plats. The circuit judge entered a decree perpetually restraining the Houseman-Spitzley Corporation from platting as proposed and the township board and the board of

auditors from accepting and approving the plats. The decree also enjoined the board of auditors from giving effect to their master plan or platting guide. The Houseman-Spitzley Corporation and the board of auditors appealed.

Counsel for plaintiffs and for the appellants agree that the question involved is as follows:

"Has a board of county auditors of any given county the power and authority, upon their initiative, to prepare, or cause to be prepared, master plans or platting guides, for the laying out of streets and alleys in any given township or municipality, which plans or platting guides do not meet with the approval of the governing body of said township or municipality, and compel said governing bodies to conform to said master plans or platting guides, so prepared by said board of auditors for the platting of property wholly within the jurisdiction of said townships or municipalities? In other words, does the platting law of this State vest in the board of county auditors absolute control over the location of streets and alleys wholly within the boundaries of any given township or municipality, or is such control vested in the governing bodies of such townships or municipalities?"

We can best answer the question by stating the extent and nature of power vested by statute in the township board and the board of auditors and the procedure there mapped for the exercise by each body of the powers conferred. Proposed plats must, in the first instance, be presented to the township board for action. We have stated the procedure before the township board. If the township board rejects a proposed plat and gives the reason for the rejection, then the remedy of the proposer, if any, is by mandamus, and, unless the court directs the township board to approve of the plat, the auditors

have no jurisdiction and can exercise no power in the premises. The several provisions of the statute must be given effect, and, if the statute is followed, there can arise no conflict of authority between the township board and the board of auditors. The board of auditors is a reviewing body of affirmative township board action to determine whether the lands so platted are suitable for platting purposes and to require that all highways, streets, and alleys thereon shall conform to a general county plan.

The power of the township board is circumscribed by the following language in the act (No. 260) of 1927:

"*Provided, however,* That any municipality shall not have the right to require any party to conform to a township, village, or city plan that may conflict with any general plan that may have been adopted by the county or State for the location and width of certain streets and highways."

The general county plan therein mentioned is that of the county plat board, and in Wayne county that of the board of auditors. While the statute speaks of a general county plan, and the master plan of the board of auditors was of Gratiot township only, we think it a part of a general county plan, and, as such, not open to review in a court of equity. Under the statute, the township board could not require the proprietor of the plats to conform to the township plan, for that plan was in conflict with the plan adopted by the board of auditors for the location and width of county highways and streets. There is direct conflict between the township and county plans with reference to the location and extension of State Fair avenue. State Fair avenue is an east and west highway in the city of Detroit. Kelly

Super Highway runs northeast and southwest, and, at the point where State Fair avenue connects with it, is the southeasterly boundary of the city of Detroit. The city of Detroit is, therefore, northwest of the Kelly Super Highway, and the township of Gratiot comes to the southeast side thereof. The county plan carries State Fair avenue straight east across Kelly Super Highway, cuts through plaintiffs' land to the plat of the Houseman-Spitzley Corporation, and there angles. State Fair avenue, running east and west, and Kelly Super Highway, running northeast and southwest, the county plan takes State Fair avenue across the Kelly Super Highway at an angle, while under the township plan, State Fair avenue in the city of Detroit intersects Kelly Super Highway at an angle but continues the avenue in the township at right angles with Kelly Super Highway. The plats submitted to the township board located the extension of State Fair avenue in the township in accordance with the county plan. The county plan connects State Fair avenue with an existing highway 80 feet in width. The township plan connects it with an existing highway 60 feet in width. The township board rejected the plats on the sole ground that the avenue was not located in accordance with the township plan. The reason given for the rejection would have been good had there been no county plan, but, there being a county plan, the reason given for disapproval discloses the exaction of a requirement inhibited by the statute. The statute required the township to give the reasons for rejecting the plats. We have mentioned the reason given. That ground ran counter to the statute and was not a valid reason for rejecting the plats.

Under the bill, pleadings, and procedure herein, the defendant Houseman-Spitzley Corporation may have decision upon its right, as by writ of mandamus, to an approval of the plats by the township board. We must take the law as we find it, and may not substitute our judgment for that of the board of auditors.

It is contended in behalf of the township board that the Constitution of this State (art. 8, § 28) gives to the township the right of reasonable control of its streets and the act (No. 260) of 1927, if construed as we have indicated, takes away such right, and, therefore, is unconstitutional.

Control of established streets is a right wholly apart from the location of an extension of a county or State highway. The act (No. 260) of 1927 does not, in the particular mentioned, violate the Constitution.

Plaintiffs made no case warranting the decree, and the decree is reversed, and the bill dismissed.

Upon its answer in the nature of a cross-bill, and under the proofs, defendant Houseman-Spitzley Corporation is entitled to a decree in this court commanding the township board to meet and approve the plats. Upon such approval the act (No. 260) of 1927 provides further steps fully safeguarding public interests. The appealing defendants will recover costs against plaintiffs.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.